**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4670**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANDY EARL BRATHWAITE, a/k/a Trini,

Defendant - Appellant.

———————

**No. 06-4825**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TESHARA L. SYKES,

Defendant - Appellant.

———————

**No. 06-4827**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TONITA SHARMAINE SYKES,

                                    Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, District Judge. (2:06-cr-00022-RBS)

_____

Submitted: April 11, 2007          Decided: June 18, 2007

_____

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

I. Lionel Hancock, III, BOHANNON, BOHANNON & HANCOCK, Norfolk, Virginia; Christopher I. Jacobs, ZOBY & BROCCOLETTI, Norfolk, Virginia; George A. Neskis, DECKER, CARDON, THOMAS, WEINTRAUB & NESKIS, Norfolk, Virginia, for Appellants. Chuck Rosenberg, United States Attorney, Michael C. Moore, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Andy Earl Brathwaite, Tonita Sharmaine Sykes, and Teshara L. Sykes appeal their convictions and sentences stemming from a conspiracy to produce and distribute fraudulent driver's licenses. Brathwaite pled guilty without a plea agreement to one count of conspiracy to produce and transfer identification documents and three counts of production of identification documents without lawful authority in violation of 18 U.S.C. § 1028(a)(1)-(2), (b)(1)(A)(ii) and (c)(3)(A) (2000). The Sykes sisters each pled guilty without plea agreements to one count of conspiracy to produce and transfer identification documents, and two counts each of production of identification documents without lawful authority, also in violation of 18 U.S.C. § 1028(a)(1)-(2), (b)(1)(A)(ii) and (c)(3)(A). Brathwaite was sentenced to twenty-four months in prison on each count, all terms to run concurrently. The Sykeses were sentenced to sixty months in prison on each count, all terms to run concurrently.

Counsel for Brathwaite and the Sykeses filed a consolidated appeal in which appellants assert their sentences are, for various reasons, unreasonable. Brathwaite also filed a motion to file a pro se supplemental brief and a pro se supplemental brief in which he claims: (i) the indictment charging him was legally insufficient; (ii) the district court erred when it increased his offense level for his managerial role in the conspiracy; and (iii)

- 3 -

the district court erroneously refused to reduce his offense level for acceptance of responsibility. We grant Brathwaite's motion to file a pro se supplemental brief and affirm Brathwaite's and the Sykeses' convictions and sentences.

I.   Andy Earl Brathwaite, No. 06-4670

   A.   Sufficiency of Indictment

      In his pro se supplemental brief, Brathwaite claims his indictment was legally insufficient because it did not allege the intended unlawful uses of the fraudulent driver's licenses produced by the conspiracy of which Brathwaite was a part. Brathwaite's argument is meritless. There is no requirement under § 1028(a)(1), (a)(2), or (c)(3)(A) that an indictment specifically allege the unlawful purpose for which the fraudulent documents were going to be used. Rather, all that is required is that a criminal defendant "knowingly and without lawful authority produce[] an identification document, authentication feature, or a false identification document", and that "the production, transfer, possession, or use prohibited . . . is in or affects interstate or foreign commerce, including the transfer of a document by electronic means." 18 U.S.C. § 1028(a)(1) & (c)(3)(A); see also 18 U.S.C. § 1028(a)(2) (criminal defendant must "knowingly transfer . . . a false identification document knowing that such document . . . was stolen or produced without lawful authority").

While Brathwaite relies upon United States v. Rohn, 964 F.2d 310 (4th Cir. 1992), for the proposition his indictment was insufficient for failing to allege the intended unlawful use of the fraudulent driver's licenses, Rohn is inapplicable. In Rohn, this court held that under 18 U.S.C. § 1028(a)(3), the Government must establish that an individual in possession of false identification intends to use the identification in a fraudulent and unlawful manner. Rohn, 964 F.2d at 312-13 (holding that mere possession is not enough to satisfy § 1028(a)(3)). Brathwaite was not indicted or convicted for a violation of this subdivision of § 1028. Moreover, Brathwaite does not deny he took part in a conspiracy to produce and transfer the fraudulent driver's licenses. Accordingly, we conclude Brathwaite's argument regarding the insufficiency of his indictment is meritless.

B. Challenges to Sentence

Brathwaite also raises several issues regarding the validity of his sentence. Brathwaite claims the district court erred when it: (i) increased his offense level by two for a loss of more than $5000 but less than $10,000 pursuant to U. S. Sentencing Guidelines Manual ("USSG") § 2B1.1(b)(1)(B) (2005) because actual loss could not be determined; and (ii) imposed a "reasonable" sentence because "reasonableness" is the standard of review on appeal and the district court was required to impose a sentence "sufficient, but not greater than necessary, to comply

with the purposes" of 18 U.S.C. § 3553(a) (2000).  In his pro se supplemental brief, Brathwaite also claims the district court erred when it: (i) increased his offense level by three pursuant to USSG § 3B1.1(b) (2005) for Brathwaite's managerial role in the conspiracy for which he was convicted; and (ii) refused to reduce his offense level for acceptance of responsibility pursuant to USSG § 3E1.1 (2005).

This court reviews a sentence for reasonableness.  See United States v. Booker, 543 U.S. 220, 261 (2005).  In determining whether a sentence is reasonable, this court reviews the district court's legal conclusions de novo and its factual findings for clear error.  See United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006).

Post-Booker, a sentencing court must engage in a multi-step process that begins with correctly determining the defendant's guidelines range.  See United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).  "Next, the court must determine whether a sentence within that range . . . serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors."  Id. (alterations in original) (internal quotation marks omitted).  "In doing so, the district court should first look to whether a departure is appropriate based on the Guidelines Manual or relevant case law."  Id.  If it is appropriate, the court may

depart; if the "departure range still does not serve the factors set forth in § 3553(a), the court may then elect to impose a non-guideline sentence (a 'variance sentence')." Id. As part of this process, "[t]he district court must articulate the reasons for the sentence imposed, particularly explaining any departure or variance from the guideline range." Id.

A district court's mandate "is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of § 3553(a)(2)." United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006) (internal quotation marks omitted). "Reasonableness is the *appellate* standard of review in judging whether a district court has accomplished its task." Id. (emphasis in original). Ultimately,

> [T]he overarching standard of review for unreasonableness will not depend on whether we agree with the particular sentence selected, but whether the sentence was selected pursuant to a reasoned process in accordance with law, in which the court did not give excessive weight to any relevant factor, and which effected a fair and just result in light of the relevant facts and law.

United States v. Green, 436 F.3d 449, 457 (4th Cir.) (internal citation omitted), cert. denied, 126 S. Ct. 2309 (2006). Thus, "reasonableness review involves both procedural and substantive components." Moreland, 437 F.3d at 434. A sentence will be procedurally unreasonable if, for example, the district court provides an inadequate statement of reasons. Id. We conclude Brathwaite's sentence is reasonable.

We conclude the district court correctly increased Brathwaite's offense level by two pursuant to USSG § 2B1.1(b)(1)(B). For offenses involving fraud and deceit, the district court is directed to increase a defendant's offense level if loss precipitated by the fraud is greater than $5000. USSG § 2B1.1(b)(1). If there is a loss "but it reasonably cannot be determined," the district court must then "use the gain that resulted from the offense as an alternative measure of loss." USSG § 2B1.1, comment. (n.3(B)).

Brathwaite claims the district court erred in using gain as a measure of loss because "[t]he record is devoid of any evidence that a victim incurred a loss." Brathwaite also argues the Government should have produced a Department of Motor Vehicles ("DMV") representative to testify as to the loss incurred. Brathwaite's arguments are unavailing.

Brathwaite's presentence investigation report ("PSR") stated that "the loss amount cannot be reasonably determined." The PSR used the gain attributed to Brathwaite to determine the amount of loss to the DMV and, according to USSG § 2B1.1, attributed a loss of $9000 to Brathwaite. At the sentencing hearing, the Government introduced testimony establishing the DMV would have to take action to retrieve the fraudulent driver's licenses and cancel

them.  As of the time of Brathwaite's sentencing, however, that process had only begun.

Although Brathwaite generally objected to the PSR's finding regarding the inability to determine the amount of loss, Brathwaite introduced no evidence at sentencing to contradict the Government's testimony that a loss occurred and that the DMV was going to have to take action to cancel the fraudulent licenses. Based on the PSR and the testimony presented by the Government, the district court concluded there was a loss but the amount could not be reasonably determined.

We conclude the district court correctly determined that the amount of loss could not be determined as of the time of sentencing and that the appropriate measure of loss was the gain to Brathwaite.  See USSG § 2B1.1, comment. (n.3(B)) (2005); see also USSG § 2B1.1, comment. (n.3(C)) (2005) ("The court need only make a reasonable estimate of the loss.  The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence.  For this reason, the court's loss determination is entitled to appropriate deference.") (internal citation omitted).  Because the evidence established Brathwaite gained between $8000 and $9000 as a result of the conspiracy, we conclude the district court correctly increased Brathwaite's offense level by two levels.  See USSG § 2B1.1(b)(1)(B).

ii. District court's alleged application of "reasonableness" as standard at sentencing

Brathwaite claims the district court erroneously applied the appellate standard of review in sentencing him to what the district court believed to be a "reasonable" sentence. We conclude Brathwaite's argument, which, in his case, merely puts form over substance, is meritless.

At the sentencing hearing, the district court appropriately heard argument regarding Brathwaite's objections to the calculation of his guidelines range and adopted the guidelines range calculated by the PSR as its own. The district court, after hearing testimony from an acquaintance of Brathwaite regarding Brathwaite's past employment and the fact that he is an "excellent father", thoroughly discussed the § 3553(a) factors and sentenced Brathwaite above the guidelines range.

Although the district court did use the term "reasonable" in describing the sentence it imposed upon Brathwaite, the district court used this term only to explain it felt the sentence it imposed was the appropriate one under the circumstances. Nothing in the transcript of the sentencing hearing reveals the district court applied an incorrect standard in determining an appropriate sentence for Brathwaite. In fact, other than challenging the rationale behind the calculation of his guidelines range, Brathwaite does not challenge the duration of his sentence. Because the district court properly calculated the guidelines range

and thoroughly considered the relevant § 3553(a) factors, we conclude the district court's use of the term "reasonable" to describe that sentence is irrelevant. See Moreland, 437 F.3d at 432.

iii. Increase of offense level pursuant to USSG § 3B1.1(b) for managerial role in conspiracy

In his pro se supplemental brief, Brathwaite claims the district court erred by increasing his offense level by three pursuant to USSG § 3B1.1(b) for his managerial role in the conspiracy. In his supplemental brief, however, Brathwaite concedes that his role in the conspiracy consisted of his procurement of purchasers for the fraudulent driver's licenses, a duty to refer the purchasers to the Sykeses and another co-defendant and to collect the payment from the purchasers, and his responsibility to thereafter divide the payment among his co-conspirators. Moreover, the Government produced uncontradicted testimony at the sentencing hearing that Brathwaite instructed purchasers of the fraudulent driver's licenses through the process of applying for the licenses at the DMV.

Because we conclude this activity meets the requirements of a manager or supervisor of a conspiracy under USSG § 3B1.1(b), see United States v. Bartley, 230 F.3d 667, 673-74 (4th Cir. 2000) (holding increase appropriate where defendant arranged the logistics of marijuana deliveries or payments and coordinated the activities of others), we conclude the district court did not err

in increasing Brathwaite's guidelines range based upon his managerial role in the conspiracy.

      iv.   District court's refusal to reduce offense level for acceptance of responsibility pursuant to USSG § 3E1.1

Brathwaite also claims in his pro se supplemental brief that the district court erred in refusing to reduce his offense level for acceptance of responsibility pursuant to USSG § 3E1.1. Brathwaite claims the Government did not meet its burden of proving Brathwaite minimized his role in the conspiracy. Brathwaite's argument is meritless.

Under USSG § 3E1.1, "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense," he qualifies for a two-level reduction in his offense level. "[M]erely pleading guilty is not sufficient to satisfy the criteria for a downward adjustment for acceptance of responsibility." United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996). Although a defendant is not required to volunteer information, "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." USSG § 3E1.1.

In this case, the district court correctly determined that Brathwaite did "not fully and completely accept[] responsibility for his role in this offense. He has denied being responsible for being a supervisor and a manager of this operation. He has tried to put everything off on [his co-defendant]."

Moreover, it was Brathwaite's burden to establish, by a preponderance of the evidence, that he "clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." Nale, 101 F.3d at 1005. Brathwaite failed to introduce evidence, other than pointing to his guilty plea, to establish he fully accepted responsibility for his managerial role in the conspiracy. Because we find the district court's factual determination is supported by the record, we conclude the district court did not err in refusing to reduce Brathwaite's offense level for acceptance of responsibility.

II. The Sykes Sisters, Nos. 06-4825 and 06-4827

The Sykeses claim the district court imposed unreasonable sentences upon them because it: (i) applied the wrong legal standard in determining appropriate sentences; (ii) improperly included the cost to the DMV in investigating their crimes when calculating a loss under the guidelines; and (iii) failed to show it adequately considered all relevant § 3553(a) factors. The Sykeses' arguments are meritless.

A. District Court's Alleged Application of "Reasonableness" as Sentencing Standard

We conclude the district court did not apply the incorrect legal standard in determining appropriate sentences for the Sykes sisters. The district court, after hearing argument on the appropriate guidelines ranges, adjusted the guidelines ranges as it felt appropriate and thoroughly considered the § 3553(a)

factors.  The mere fact the district court sentenced the Sykeses to what it believed to be "reasonable" sentences instead of stating on the record it was imposing sentences that were "sufficient, but not greater than necessary, to comply with the purposes of § 3553(a)(2)" in accordance with <u>Davenport</u>, 445 F.3d at 370, does not make the sentences unreasonable.  The Sykeses' argument to the contrary merely puts form over substance.  Accordingly, we conclude the district court did not apply the incorrect legal standard in sentencing the Sykeses.  <u>See</u> <u>Moreland</u>, 437 F.3d at 432-34.

B.    Calculation of Loss Under USSG § 2B1.1(b)

We also conclude the district court did not improperly include the cost to the DMV in investigating the Sykeses' crimes when calculating loss under the guidelines.  As with Brathwaite, the district court determined a loss amount could not reasonably be calculated under USSG § 2B1.1(b).  The district court, finding the Government's witnesses' testimony regarding the actions taken by the DMV to obtain and cancel the fraudulent licenses generated by the Sykes sisters to be "extremely credible and straightforward," appropriately determined gain to the Sykeses to be the correct measure of loss pursuant to USSG § 2B1.1, comment. (n.3(B)).

Although the Sykeses argue the district court incorrectly included the costs to the Government in investigating and prosecuting their crimes in violation of USSG § 2B1.1, comment.

(n.3(D)(ii)) (2005) ("Loss shall not include . . . [c]osts to the government of, and costs incurred by victims primarily to aid the government in, the prosecution and criminal investigation of an offense."), this argument is contradicted by the record. The district court explicitly stated it was not including costs to the Government in investigating the Sykeses' crimes in its calculation of loss. The mere fact the district court stated it considered the victims of the Sykeses' crimes to be "twofold, not only the system, but some of these individuals who are having their identities used and trying to straighten out this situation" does not, as the Sykeses would have the court believe, lead to the conclusion the district court included these costs in its calculation. Rather, the district court made this statement to support its conclusion the loss amount was incalculable and that, pursuant to USSG § 2B1.1, comment. (n.3(B)), it was required to look to the Sykeses' gain in calculating their guidelines ranges. Accordingly, we reject the Sykeses' argument that the district court improperly included the cost of the DMV's investigation as part of the loss attributed to their crimes.

C.   Validity of Sentence Variances

We reject the Sykeses' argument that their sentences are unreasonable because the district court did not adequately explain its reasons for varying from their guidelines ranges. Although the district court did vary from the guidelines ranges and imposed

sentences double the maximum provided by the ranges,* the district court did not do so without first explaining why it was varying. Rather, after adjusting the Sykeses' guidelines ranges, the district court thoroughly discussed the § 3553(a) factors as they pertained to the Sykes sisters and sentenced them accordingly.

With regard to Teshara Sykes, the district court first discussed the "nature and circumstances of the offense and the history and characteristics of the defendant," and determined that the "nature and circumstances of the offense weigh heavily against this defendant, given the position that she was in at the Department of Motor Vehicles, which is a position of trust, and the extensiveness of her activities, together with her sister and" another co-defendant. The district court continued that "at this point . . . the authorities have barely scratched the surface in trying to right these wrongs, and that the harm at this point in my opinion is just immeasurable." Although the district court found that Teshara Sykes' lack of a criminal history weighed in her favor, it also determined that her college education and background weighed against her; although Teshara Sykes is a bright woman who comes from a stable background, the district court found she used her intelligence to commit her crimes. Because the loss to the

---

*The Sykeses' guidelines ranges were both calculated at twenty-four to thirty months for each charge. The district court sentenced the Sykeses' to sixty months on each charge, all terms to run concurrently.

system and the impact that fraudulent driver's licenses can have on the system is vast, the district court felt compelled to vary Teshara Sykes' sentence above the guidelines range.

With regard to Tonita Sykes, the district court also considered the "nature and circumstances of the offense and the history and characteristics of the defendant" which, in the district court's opinion, "weigh[ed] quite heavily against" her. The district court found that the "residual harm to the system is immeasurable in a case such as this," and based on Tonita Sykes' abuse of her position of trust with the DMV and the "significant level of disruption to a government function," coupled with the "residual damage to the citizens of this country . . . for every one of those licenses that [was] issued falsely," felt compelled to sentence her to double the maximum under her guidelines range. The district court also took into consideration Tonita Sykes' lack of a criminal history, but found the fact that she used her intelligence and higher education to commit her crimes to be a factor against her favor.

Although the Sykes sisters generally argue the district court did not appropriately consider "all of the relevant § 3553(a) factors," the Sykeses do not point to which factors the district court failed to consider. On the contrary, we conclude the district court thoroughly discussed each and every relevant § 3553(a) factor. In any event, a district court "need not

explicitly discuss every § 3553(a) factor on the record."  <u>United States v. Eura</u>, 440 F.3d 625, 632 (4th Cir. 2006), <u>petition for cert. filed</u>, __ U.S.L.W. __ (U.S. June 20, 2006) (No. 05-11659).  Accordingly, we conclude the Sykeses' sentences are reasonable.

Based on the foregoing, we grant Brathwaite's motion to file a pro se supplemental brief and affirm appellants' convictions and sentences.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>